UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

APRIL J. LUTZ,

    Plaintiff,

v.                                                                          Case No: 2:13-cv-738-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

# ORDER

Before the Court is Plaintiff's Uncontested Petition for Award of Attorney Fees under the Equal Access to Justice Act (Doc. 22), filed on October 23, 2014. Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees in the amount of $6,712.50, and attaches a timesheet confirming a total of 35.8 hours worked in this matter at a rate of $187.50. Doc. 22 at 5. Plaintiff represents that the Commissioner has no objection to his petition. For the reasons stated herein, the Motion is granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

In this case, the Commissioner filed an Unopposed Motion for Entry of Judgment with Remand, and on August 5, 2014 the Court entered an Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Docs. 19, 20. Judgment was entered on August 12, 2014. Doc. 21. Thus, Plaintiff is the prevailing party in this litigation. Plaintiff also asserts that the Commissioner's position in the underlying action was not substantially justified and that her net worth at the time this proceeding was filed was less than two million dollars. The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

As noted by Plaintiff's counsel, he is requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work

he performed in this case. Because the Commissioner does not object to the adjusted hourly rate sought and it is within the rates permitted by the EAJA, the Court finds that $179.78 is an appropriate hourly rate.

Plaintiff's counsel also has submitted a timesheet that includes an itemization of legal services performed. Doc. 22 at 5. Counsel spent a total of 35.8 hours of work on Plaintiff's case. After reviewing the description of the services provided, the Court finds the number of hours may be high.

Some courts in this district have found that a comparable numbers of hours spent on a social security case was reasonable, despite an objection by the Commissioner that the number of hours spent was unreasonable and therefore not compensable. *See Jipson v. Comm'r of Soc. Sec.*, No. 2:13-cv-450-FtM-38DNF, 2014 WL 2951824, at *1, *3 (M.D. Fla. July 1, 2014) (awarding $7,328.00 in EAJA fees for 38 hours worked over the Commissioner's objection, where transcript was in excess of 1,000 pages and despite Plaintiff's counsel being "a very experienced social security litigator"). Other courts have determined that the Commissioner's objections to a number of hours expended similar to that in the present case were well-taken, and reduced the amount of hours for which counsel was awarded EAJA fees. *See Powell v. Colvin*, No. 8:12-cv-2078-T-33TBM, 2013 WL 4781083, at *3 (M.D. Fla. Sept. 6, 2013) (court determined 42.8 was unreasonable number of hours worked and reduced fee award by 17 hours).[1] Notably, in those cases the Commissioner objected to the requested fee award.

---

[1] These cases are consistent with courts from other Circuits who have determined that, for EAJA purposes, the average social security appeal requires between 20 to 40 hours

- 3 -


Other courts in this district have been willing to award EAJA fees despite finding the amount of hours expended to be high where the Commissioner does not oppose the fee request. In *Vanderhorst v. Comm'r of Soc. Sec.*, the Court approved a report and recommendation recommending that the Court grant $6,414.44 in attorney's fees for 34.30 hours of work, despite "find[ing] the number of hours claimed to be high," because the Commissioner did not object and the administrative record was lengthy—956 pages—which the Court suggested "might account for the otherwise unreasonable amount of time spent preparing the brief." No. 6:13-cv-204-Orl-18DAB, 2014 WL 547996, at *1 (M.D. Fla. Feb. 11, 2014).

Here, the administrative record consists of 582 pages. *See* Doc. 12. Although Plaintiff's brief is lengthy (25 pages) and very comprehensive, counsel for Plaintiff also represents that he is "well versed in the nuances of Social Security" law and "has devoted his practice for the last 14 years to helping disabled individuals," which he contrasts with other area firms who "handle disability claims as a PART of their overall practice."[2] Thus, it would seem that Plaintiff's counsel, being "well-versed" in Social Security law, would not require 35.8 hours to adequately prosecute this case. Nevertheless, the amount of hours for which EAJA fees are sought is within the range that other courts in this district have found to be reasonable, and the Local Rule

---

worked. *See, e.g.*, *Woodrum v. Colvin*, No. CIV-12-338-SPS, 2014 WL 3396069, at *2 (E.D.Okla. July 9, 2014) ("In this Circuit, typical social security appeals require, on average, twenty to forty total hours of attorney time.") (citing *Nave v. Barnhart*, No. 03-2076-JWL, 2003 WL 22300178, at *2 (D.Kan. Oct. 7, 2003) ("[T]he typical number of hours claimed in EAJA applications in 'straightforward' disability cases is between thirty and forty")).

[2] Taken from website of the Law Offices of Erik W. Berger, http://www.ewbergerlaw.com/www/Index.php (last visited November 7, 2014).

3.01(g) certification states that the Commissioner does not oppose the request. The Commissioner also has not filed an objection to the petition. The Court therefore will allow the fee award of $6,712.50.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Uncontested Petition for Award of Attorney Fees under the Equal Access to Justice Act (Doc. 22) is **GRANTED**. Attorney's fees in the amount of $6,712.50 shall be awarded to Erik W. Berger pursuant to the EAJA, 28 U.S.C. § 2412(d). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

2. The Clerk is directed to enter a judgment as to attorney's fees in the amount of $6,712.50 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of November, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record